Reginald **HILL**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 05–1130C.

United States Court of Federal Claims.

Jan. 19, 2006.

---

Reginald Hill, appearing pro se, West Palm Beach, FL.

Allison Kidd–Miller, Civil Division, United States Department of Justice, Washington, DC, counsel of record for Defendant, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Patricia M. McCarthy, Assistant Director.

## ORDER.

WHEELER, Judge.

This matter is before the Court on Plaintiff's January 11, 2006 Motion for Reconsid-

eration of the Court's Opinion and Order dated December 29, 2005. That Order dismissed Plaintiff's Complaint on jurisdictional grounds, and declined to transfer the case to a United States District Court. Plaintiff now asks the Court to reconsider that decision and "move forward with this case." As Plaintiff recognizes, however, the Court possesses wide discretion in deciding whether to grant such a motion. Furthermore, motions for reconsideration under RCFC 59 will only succeed in a narrow set of circumstances. Specifically:

> A motion under [RCFC] 59 must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court. [Plaintiff] must show either [1] that an intervening change in the controlling law has occurred, [2] evidence not previously available has become available, or [3] that the motion is necessary to prevent manifest injustice. Litigants should not, on a motion for reconsideration, be permitted to attempt an extensive retrial based on evidence which was manifestly available at [the] time of the hearing. The litigation process rests on the assumption that both parties present their case once, to their best advantage.

*Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992) (citations omitted). In this case, Plaintiff's motion is not supported by an intervening change in controlling law. Nor has Plaintiff pointed to any newly-available evidence in this case. Finally, the Court is unconvinced that granting reconsideration would prevent a manifest injustice. As discussed in the Court's December 29, 2005 Order, Plaintiff was aware of the availability of non-judicial review of adverse personnel actions through his former employer, but appears to have abandoned that path.

Accordingly, Plaintiff's Motion for Reconsideration is denied. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**