PRECISION STANDARD, INC., Plaintiff,

v.

The UNITED STATES, Defendant,

and

Hawk Enterprises, LLC, Defendant–Intervenor.

No. 05–1125 C.

United States Court of Federal Claims.

May 2, 2006.

Joseph A. Camardo, Jr., Auburn, NY, for plaintiff.

Doris S. Finnerman, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant. Maj. Patrick Gary, United States Army, of counsel.

Frank M. Caprio, Huntsville, AL, for defendant-intervenor. Angela Holt, Huntsville, AL, of counsel.

## OPINION

HEWITT, Judge.

The court has before it Plaintiff's Motion for Reconsideration (Pl.'s Mot. or Motion), defendant's Opposition to Plaintiff's Motion for Reconsideration (Def.'s Resp. or Response), and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration (Pl.'s Reply or Reply). Pursuant to Rule 59(a)(1) of the Rules of the Court of Federal Claims (RCFC), plaintiff moves the court for reconsideration of the court's Opinion and Order of February 27, 2006 granting defendant's motion for judgment on the administrative record and denying plaintiff's motion for judgment on the administrative record (Op. or Opinion). Pl.'s Mot. at 1. For the following reasons, plaintiff's Motion is DENIED.

 Rule 59(a)(1) of the Rules of the Court of Federal Claims (RCFC) affords this court discretion to grant reconsideration "to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1) (2002); see *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). A showing in support of the motion "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhap-

py litigant an additional chance to sway the court.'" *Fru–Con Constr. Corp. v. United States,* 44 Fed.Cl. 298, 300 (1999) (quoting *Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992)). A party moving under RCFC 59 "does not persuade the court to grant ... a motion [for reconsideration] by merely reasserting arguments which were previously made and were carefully considered by the court." *Coconut Grove Entertainment, Inc. v. United States,* 46 Fed.Cl. 249, 255 (2000); see also *Gelco Builders & Burjay Constr. Corp. v. United States,* 177 Ct.Cl. 1025, 369 F.2d 992, 1000 n. 7 (1966). Moreover, RCFC 59 is not intended to allow a movant to raise additional theories that it failed to advance in connection with the underlying decision that it moves the court to reconsider. See *Fru–Con,* 44 Fed.Cl. at 301 ("Because 'the litigation process rests on the assumption that both parties present their case once, to their best advantage,' a strong public policy precludes a reconsideration motion based on evidence that was readily available at the time the original motion was heard." (quoting *Aerolease Long Beach v. United States,* 31 Fed. Cl. 342, 376 (1994))). "Litigants should not, on a motion for reconsideration, be permitted to attempt an extensive retrial based on evidence which was manifestly available at [the] time of the hearing." *Hill v. United States,* 69 Fed.Cl. 467, 468 (2006) (quotation omitted); see also *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.").

 Plaintiff, Precision Standard, Inc. (Precision Standard) argues that the court was incorrect in finding that " 'the administrative record contains neither a contemporaneous record of the factors [the Contracting Officer] considered nor attachments of documentation demonstrating what was considered [in awarding the contract to Hawk].'" Pl.'s Mot. at 2 (quoting Op. at 20–21) (alterations in original). Plaintiff states that the administrative record does contain a contemporaneous record of such factors. *Id.* (citing Administrative Record (AR) at 743–45). According to plaintiff, because these factors listed in the administrative record are insuffi-

cient to make a responsibility determination, see *id.* at 3 (citing 48 C.F.R. 9.104–1 (2005)), "the determination that Hawk [Enterprises, LLC (Hawk)] was a responsive, responsible offeror was clearly arbitrary and capricious, and the [c]ourt factually erred in finding that this was a proper determination," *id.* at 4. Moreover, plaintiff states that the court erred in allowing the declaration of Wesley Key, Contract Specialist with the United States Army Aviation and Missile Command (AMCOM), to supplement the administrative record because Mr. Key is not the contracting officer for AMCOM, and "there is nothing in the Key Declaration to demonstrate that the Contracting Officer had any knowledge of Key's alleged activities regarding the search of the [Mechanization of Contract Administrative Services (MOCAS)] database." *Id.* at 6. Therefore, according to plaintiff, "attributing any statements of Mr. Key to the Contracting Officer was a mistake of fact." *Id.* at 8.

Defendant responds that "the evidence is undisputed that the [g]overnment awarded the contract to the low, responsible contractor." Def.'s Resp. at 3. Moreover, asserts defendant, plaintiff did not contest that the government performed a proper review in order to make a responsibility determination when the underlying motion was being argued, *see* Def.'s Resp. at 5 (citing Plaintiff's Counter Statement of Facts (Pl.'s CSOF) at 3), and therefore "it is manifestly unjust for [Precision Standard] now to argue that the contracting officer did not review information relative to Hawk's responsibility." *Id.* at 4. Third, defendant states that Precision Standard did not contest the supplementation of the administrative record with paragraph 7 of the Key Declaration, and, in fact, "specifically agreed that the [c]ourt could consider this evidence." *Id.* at 5. Fourth, defendant argues that, "[t]o the extent that [Precision Standard] is now arguing that the information from the MOCAS database was not before the contracting officer at the time of award, [Precision Standard] could have made that argument before the [c]ourt issued its judgment." *Id.* at 6.

Plaintiff replies that "[t]he [c]ourt should have concentrated on the administrative rec-

ord, which supports the [p]laintiff's position that no responsibility determination was found by the Contracting Officer." Pl.'s Reply at 2. Plaintiff argues that it was an "error of fact for the [c]ourt to assume the MOCAS information was considered by the Contracting Officer prior to the award of the contract based on Mr. Key's declaration, because that is not factually supported." *Id.* at 4. Therefore, according to plaintiff, "[t]o allow this mistake of fact to stand would be a material injustice." *Id.* at 7.

The court agrees with defendant. Plaintiff had ample opportunity to raise the arguments it makes in its Motion, yet it failed to do so. Defendant's statement of facts in support of its underlying motion for judgment upon the administrative record stated that

> the contracting officer reviewed Hawk's historical data, capacity data, delinquency data, and production capability information, which was obtained from [g]overnment databases and other sources, and he determined that Hawk was responsible. The contracting officer considered that Hawk "has established a business environment with [AMCOM] by receiving a variety of contracts for maintenance, services and supplies with no known delinquency concerns regarding capability."

Defendant's Statement of Facts (Def.'s Facts) ¶ 8 (citing AR at 4–5; 945). In response, plaintiff stated that it *"agrees that the [g]overnment performed the review alleged,* but alleges that the review was inadequate and that Hawk should not have been determined to be responsible." Pl.'s CSOF at 3 (emphasis added). Plaintiff cannot now, for the first time in a motion for reconsideration and based on evidence readily available prior to the court's Opinion, argue that the government did not "perform[ ] the review alleged." *Id.; see Fru–Con,* 44 Fed.Cl. at 301.

In addition, in response to defendant's motion to supplement the administrative record with the declaration of Wesley Key, plaintiff stated: "[T]he only portion of Mr. Key's statement that would be permissible in the supplementation of the record is paragraph '7' regarding the search of the MOCAS data-

base and the printout attached from that search." Plaintiff's Combined Opposition to Defendant and Defendant–Intervener's Respective Motions to Supplement the Administrative Record at 7, ¶ 15. Plaintiff cannot now, for the first time in a motion for reconsideration and based on evidence readily available prior to the court's Opinion, argue that "Mr. Key's Declaration should not have been allowed in at all." Pl.'s Mot. at 5; *see Fru–Con*, 44 Fed.Cl. at 301.[1]

■ Even if the court were to find that plaintiff may raise arguments that were available to plaintiff before the court issued its Opinion—and the court does not so find—plaintiff's arguments do not persuade the court that it should reconsider its Opinion. Section 9.105–1 of Title 48 the Code of Federal Regulations, relied on by plaintiff, *see* Pl.'s Mot. at 3, requires the contracting officer to "possess or obtain information sufficient to be satisfied that a prospective contractor currently meets the applicable standards" for responsibility set forth 48 C.F.R. § 9.104–1. 48 C.F.R. § 9.105–1 (2005). The regulation does not require the contracting officer personally to conduct the search for relevant information. Plaintiff is basically asking the court to make a presumption that the contracting officer here, Leslie Sandridge, did not "obtain" such information before making a responsibility determination. But such a presumption would contradict both reasonable business practice and the record. *See News Printing Co. v. United States*, 46 Fed.Cl. 740, 746 (2000) ("A contracting agency has broad discretion in making responsibility determinations since it must bear the brunt of difficulties experi-

enced in obtaining the required performance. Responsibility determinations are of necessity a matter of business judgment . . . .") (quotation omitted). The contracting officer stated that she "reviewed information on Hawk's historical data, capacity data, and delinquency and production capability information" (which plaintiff did not contest in its response to defendant's Statement of Facts), *see* AR at 4–5; Pl.'s CSOF at 3. The contracting officer's statement, while not contemporaneous with the decision to award the contract, see Op. at 20, is supported and explained by supplementation of the administrative record with the sworn declaration of Wesley Key, the contracting specialist (the most pertinent paragraph of which was not objected to by plaintiff), *see id.* ("[T]he court has allowed supplementation of the administrative record with the Key Declaration, which fills a gap in the administrative record and thereby aids the court in determining what the contracting officer considered in determining that Hawk was responsible.").[2]

Moreover, it does not appear to the court that the contemporaneous documents on which plaintiff relies in its Motion, *see* Pl.'s Mot. at 8, support the proposition that defendant's responsibility determination was arbitrary and capricious, *see* AR at 841 (notice of award letter); *id.* at 743–45 (Prenegotiation Objective Memorandum signed by the contracting officer and the contracting specialist on May 2, 2005), *cited in* Op. at 21. The notice of award letter states that, "[p]er the solicitation, we awarded the contract to the low *responsible* offeror." AR at 841 (emphasis added); *see also id.* (referring plaintiff to

---

1. Plaintiff also argues that Hawk is "incapable of complying with the [c]ontract's *Limitation on Subcontracting restriction*," and therefore "[d]efendant should be precluded from issuing any further Purchase Orders under the contract in subsequent [o]rdering periods." Pl.'s Mot. at 9. The court agrees with defendant that plaintiff "cannot make this argument [an argument that it chose to abandon] for the first time on reconsideration." Def.'s Resp. at 7. In addition, as the court stated in its Opinion, "[a]ny issue pertaining to Hawk's compliance with the subcontracting limitation [subsequent to award of the contract] is a matter of contract administration which the court does not review in a bid protest context." Op. at 23–24 (citing *Chapman Law Firm v. United States*, 63 Fed.Cl. 519, 527

(2005)), *aff'd*, 163 Fed.Appx. 889 (Fed.Cir.2006) (table).

2. The court acknowledges that it incorrectly stated that Mr. Key was a contracting officer, rather than a contracting specialist, in its Opinion. *See* Op. at 20–21. However, this oversight did not result in "manifest injustice" to plaintiff, *see Principal Mut. Life Ins. Co. v. United States*, 29 Fed.Cl. 157, 164 (1993), such that plaintiff's Motion should be granted. Irrespective of Mr. Key's official title, it remains true that his declaration "aid[ed] the court in determining what the contracting officer considered in determining that Hawk was responsible." Op. at 20.

pages 46 and 47 of the Solicitation, where the Solicitation states that bids shall be evaluated and award shall be made to the "responsive, *responsible offeror*" whose offer presents the lowest overall cost to the government) (emphasis added).[3] In addition, at most, the Prenegotiation Objective Memorandum demonstrates to the court that, as defendant states, "Mr. Key worked closely with the contracting officer in making this contract award," Def.'s Resp. at 6, because it was signed by both Mr. Key and the contracting officer shortly before the contract was awarded to Hawk, *see* AR at 743–45. This document further supports the court's finding that the Key Declaration is helpful to support and explain what the contracting officer considered in making the responsibility determination. These documents do not, as plaintiff alleges, "contradict" the contracting officer's or Mr. Key's statements that MOCAS information was considered or available before awarding the contract. *See* Pl.'s Mot. at 8.

 " 'Contracting officers are "generally given wide discretion" in making responsibility determinations and in determining the amount of information that is required to make a responsibility determination.' " *Bender Shipbuilding & Repair Co. v. United States,* 297 F.3d 1358, 1362 (Fed.Cir.2002) (quoting *Impresa,* 238 F.3d at 1334–35 (quoting *John C. Grimberg Co. v. United States,* 185 F.3d 1297, 1303 (Fed.Cir.1999))); *Shields Enters., Inc. v. United States,* 28 Fed.Cl. 615, 625 (1993) (" '[I]t is well-established that the contracting official has a considerable degree of discretion in arriving at a responsibility determination.' ") (quoting *Hayes Int'l Corp. v. United States,* 7 Cl.Ct. 681, 685 (1985)). Indeed,

> correct appraisal of the responsibility of a prospective contractor is clearly in the self-

interest of the procuring agency; there is a built-in stimulus against error. If the determination is erroneous, and the contractor ultimately defaults on his obligation, the Government will likely suffer substantial delay and inconvenience, even though the defaulting party will be liable to answer in damages, including perhaps reprocurement costs.

*Keco Indus., Inc. v. United States,* 203 Ct.Cl. 566, 492 F.2d 1200, 1205–06 (1974). With these considerations in mind and based on the evidence and arguments before the court,[4] the court declines to reconsider its Opinion and modify its finding that defendant had a sufficient basis to make a proper responsibility determination.

For the foregoing reasons, plaintiff's Motion is DENIED.

IT IS SO ORDERED.

---

3. While the notice of award letter states that "[p]rice was the only factor considered for this award," AR at 841, this statement must be read in the context. The "only factor" language follows directly after the statement in the notice of award letter that the award was made to the low *responsible* offeror. Read as a whole, the notice of award letter makes clear that price was the only factor considered *after* the qualified offerors were determined to be responsible. *Accord* AR at 688, 689 (Solicitation) (stating that bids shall

be evaluated and award shall be made to the "responsive, responsible offeror" whose offer presents the lowest overall cost to the government).

4. Notably, plaintiff does not argue—or direct the court to any evidence indicating—that Hawk is not a responsible contractor. *See generally* Pl.'s Mot.; Pl.'s Reply.