Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5092

PRECISION STANDARD, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

HAWK ENTERPRISES, LLC,

Defendant.

Joseph A. Camardo, Jr., Camardo Law Firm, P.C., of Auburn, New York, for plaintiff-appellant.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director. Of counsel were Doris Finnerman and Joseph A. Pixley, Trial Attorneys.

Appealed from: United States Court of Federal Claims

Judge Emily C. Hewitt

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5092

PRECISION STANDARD, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

HAWK ENTERPRISES, LLC,

Defendant.

_____

DECIDED: April 6, 2007

_____

Before MICHEL, <u>Chief Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

    Precision Standards, Inc. ("PSI") appeals the United States Court of Federal Claims' award of judgment on the administrative record in favor of the United States. <u>Precision Standard v. United States</u>, No. 05-1125 C (Fed. Cl. Feb. 27, 2006). Because we find no error in the trial court's thorough opinion, we <u>affirm</u>.

I

This post-award bid protest case arises from a solicitation for aircraft window assemblies for the Black Hawk helicopter. The solicitation provided that "Bids/offers shall be evaluated and award made to the responsive, responsible offeror whose offer represents the lowest overall cost to the [g]overnment." Hawk Enterprises, LLC ("Hawk") was awarded the contract. PSI filed a bid protest action in the Court of Federal Claims, asserting that the government (acting through the United States Army Aviation and Missile Command) did not comply with the "source approval" provision of the solicitation; failed to make a proper responsibility determination; and failed to ascertain whether Hawk complied with the "limitations on subcontracting" provision of the solicitation. Concluding that the government's decision to award the contract to Hawk was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the trial court granted the government's motion for judgment on the administrative record. PSI then filed a motion for reconsideration, which the trial court denied.

PSI now appeals, asserting the same three errors in the government's award of the contract to Hawk. We have jurisdiction pursuant to 28 U.S.C § 1295(a)(3).

II

We review the grant or denial of a judgment on the administrative record without deference. Information Tech. & Applications Corp. v. U.S., 316 F.3d 1312, 1318-19 (Fed. Cir. 2003). Thus, we apply the same standard as the trial court, and we will not disturb an agency decision unless it is arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law. Bannum, Inc. v. United States, 404 F.3d 1346, 1351 (Fed. Cir. 2005).

As the trial court noted, in order to sustain a challenge to a contract award, the challenger must show a prejudicial violation of an applicable regulation. Impresa Construzioni Geom. v. United States, 238 F.3d 1324, 1333 (Fed. Cir. 2001). PSI asserts that Hawk failed to meet the source approval requirement—because it was not listed as an approved source (in fact, there were no approved sources listed)—and did not seek source approval during the procurement process. Because there were no approved sources listed, PSI was likewise not an approved source and did not seek approval during the procurement process.[1] Thus, there was no prejudice to PSI in the government's failure to require compliance with the source approval requirement. If the government had required the source approval provision to be fulfilled, PSI also would have been excluded from consideration. PSI's arguments to the contrary are not persuasive.

PSI next argues that the contracting officer failed to make a proper responsibility determination. We have previously held that contracting officers have broad discretion in making responsibility determinations. See Impresa, 238 F.3d at 1334-35. In this case, the trial court found that there was an absence of documentation as to what the contracting officer considered when making his responsibility determination. The trial court, therefore, requested additional documentation from the agency to ascertain what

---

[1]     PSI was the incumbent contractor for the Black Hawk window assemblies and, therefore, had a First Article waiver—which means that PSI did not have to submit a first article to the government for approval. This does not change the fact that PSI was not an approved source.

the contracting officer considered when making his decision. The agency submitted a declaration from the contracting specialist, Mr. Key. We find no error in this course of action. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); Impresa, 238 F.3d at 1339.

As noted by the trial court in its reconsideration decision, Mr. Key worked closely with the contracting officer in making his contract award, and the Key declaration was helpful to the trial court in explaining what the contracting officer considered in making the responsibility determination. Precision Standard, Inc. v. United States, No. 05-1125 C, at *5, n2 (Fed. Cl. May 2, 2006). Like the trial court, we see no contradiction between the Key declaration and other documents in the administrative record.

The Key declaration showed that the contracting officer directed the local Defense Contract Management Agency office to conduct a search of its Mechanization of Contract Administrative Services Database to determine whether Hawk was a responsible offeror.[2] Additionally, the contracting officer searched the Consolidated List of Debarred, Suspended, and Ineligible contractors. None of these searches revealed any negative information concerning Hawk. Accordingly, we agree with the trial court that this was sufficient to provide a basis for the contracting officer's determination that Hawk was a responsible bidder.

Finally, PSI argues that Hawk "cannot and does not" meet the contract's limitation on subcontracting. When reviewing compliance with the limitation on subcontracting clause at the time of contract award, the court considers whether "'a

---

[2]    A search of that database indicates whether there are any delinquencies associated with contracts previously awarded to the offeror who is the object of the search.

proposal, on its face, should lead an agency to the conclusion that an offeror could not and would not comply with the subcontracting limitation.'" <u>Chapman Law Firm v. United States</u>, 63 Fed. Cl. 519, 527 (2005), <u>aff'd</u>, No. 05-5042, 2006 WL 222840 (Fed. Cir. Jan. 12, 2006) (quoting <u>In re Coffman Specialties, Inc.</u>, Nos. B-284,586, B-284,546.2, 2000 WL 572693, at *5 (Comp. Gen. June 18, 2004)). Here, the solicitation expressly stated that small business bidders, such as Hawk, were not required to submit a subcontracting plan that would demonstrate their compliance with the limitation on subcontracting. Because Hawk provided price information but no subcontracting plans, there was no information prior to contract award to suggest that Hawk would not comply with the subcontracting limitation requirement. Accordingly, we conclude that the contracting officer acted reasonably in assuming that Hawk would comply with the provisions of the contract and in making the award.

PSI argues that documentation furnished subsequent to contract award supports its contention that Hawk cannot comply with the subcontracting requirement. As recognized by the trial court, such information is not relevant to a review of the contracting officer's determination prior to contract award.

Accordingly, for the reasons stated above, we affirm the Court of Federal Claims' grant of judgment on the administrative record.